## COOPER v. VAUGHAN.

### Opinion delivered March 31, 1913.

1. NEW TRIAL—NEWLY DISCOVERED EVIDENCE—JURISDICTION OF CIRCUIT COURT.—The circuit court has jurisdiction after the expiration of the term at which a judgment is rendered to vacate the judgment and grant a new trial upon newly discovered evidence under §§ 4431 and 6220 of Kirby's Digest. (Page 506.)

2. APPEAL AND ERROR—ORDER VACATING JUDGMENT.—Kirby's Digest, § 1188, which provides that, "No appeal to the Supreme Court from an order granting a new trial, in any case made on bill of excep-

tions, shall be effectual for any purpose, unless the notice of appeal contains an assent on the part of the appellant that, if the order be affirmed, judgment absolute shall be rendered against the appellant," has no application to proceedings to vacate the judgment under Kirby's Digest, § § 4431 and 6220. (Page 507.)

3. NEW TRIAL—NEWLY DISCOVERED EVIDENCE—NECESSARY ALLEGATIONS.—A petition to set aside a judgment after the expiration of the term at which it was rendered and to grant a new trial must state facts and circumstances sufficient to show that the failure to adduce the alleged newly discovered evidence at the former hearing was through no lack of diligence on the part of the petitioner; that the facts and circumstances came to his knowledge since the former trial; the same must be set out in the petition, and must be sufficient to convince the court that had they been introduced at the former trial, they would probably have changed the result. (Page 507.)

4. NEW TRIAL—NEWLY DISCOVERED EVIDENCE—FACTS NECESSARY TO BE STATED IN PETITION.—The facts alleged in a petition for a new trial on the grounds of newly discovered evidence, must be competent to prove the issue, not cumulative to those previously relied on, and not merely contradictory or tending to impeach the testimony of witnesses introduced at the former trial; and the petition must state the facts and circumstances under which the discovery of the new evidence relied on, was made. (Page 507.)

5. NEW TRIAL—NEWLY DISCOVERED EVIDENCE—SUFFICIENCY OF EVIDENCE.—When the testimony of a witness is material, and after verdict and judgment, he swears that he was mistaken, and it appears that the testimony as the witness would later give it would probably change the result of the trial, sufficient grounds for granting a new trial are shown. (Page 509.)

6. NEW TRIAL—DILIGENCE—NEWLY DISCOVERED EVIDENCE.—On an application for a new trial on the ground of newly discovered evidence, the evidence introduced by plaintiff held to be sufficient to show that he used due diligence in the preparation of his case for the former trial. (Page 509.)

Appeal from Prairie Circuit Court; *Eugene Lankford*, Judge; affirmed.

STATEMENT BY THE COURT.

At the September term, 1911, of the Prairie Circuit Court, appellant recovered a judgment against the appellee in the sum of $1,000. An appeal was taken and the judgment below affirmed by this court.

At the September term, 1912, of the Prairie Circuit

Court the appellee filed his petition asking that the judgment be set aside and a new trial granted him upon the ground of evidence discovered after the term at which the former judgment was rendered and after the decision of the Supreme Court affirming that judgment.

The appellee alleged in his petition that at the former trial W. H. Cooper testified that on or about the first of May, 1908, he was employed by Emmett Vaughan (appellee) to make an estimate of the Myer's Bend land, Vaughan agreeing to pay for his services the sum of $1,000; that while in the employ of Herman Romunder in January, 1908, and at his request, he made an estimate of the Myer's Bend land, knowing at the time that Romunder was on a deal for the same, and that three or four months after this he made the estimate for Mr. Vaughan and turned the same over to him at the time the due bill was executed or just prior thereto, the due-bill being dated the 8th of May, 1908. That Cooper's testimony was corroborated by the deposition of Herman Romunder as to the number of acres of land, date of estimate, etc., he stating that the estimate was received through the office at Des Arc some time in January, 1908. That at the time he received said estimate he was negotiating with Vaughan for the land; that the first estimate he received did not contain any estimate of the lands west of White river, but only the Myer's Bend land; that the first estimate was received about two months prior to the second estimate, the second estimate being received in April or May, but that he thought his correspondence would show; that from a review of the testimony of W. H. Cooper and the deposition of Romunder it would be seen that the testimony of Cooper was based on the deposition of Romunder, and that W. H. Cooper's inspiration of another estimate of this land evidently grew out of the deposition of Herman Romunder; that, on the other hand, petitioner denied that said Cooper was ever employed by him to make an estimate of the timber referred to in Cooper's testimony; that the $1,000 for which Cooper sued him was for an estimate made by

Cooper for Herman Romunder, the said estimate cover-
ing 1,900 acres, which included the Myer's Bend land and
the land west of White river; that since the judgment of
the Supreme Court was rendered Romunder had discov-
ered a letter written by himself to Cooper which showed
that he (Romunder) was mistaken in his testimony at
the former trial, in which he testified from memory that
Cooper was in his employ in January, 1908, and made an
estimate of the timber for him at that time, and that
Romunder would now testify that Cooper only made one
estimate of the timber, and that said estimate was made
in May, 1908, and that said estimate embraced 1,900 acres
of land, 761 acres of which lay on the east of White
river, in Woodruff County, known as the Myer's Bend
land, the balance of the land lying west of the river, in
Prairie County, Arkansas.

The petitioner further set up that Romunder had
discovered an expense account, dated June 1, 1908, show-
ing that on May 1 and 2, 1908, W. H. Cooper had in-
curred expense for estimating timber on Raft creek (be-
ing the name of the place west of White river where the
lands were estimated), said expense account being
signed and O. K.'d by W. H. Cooper. He had also dis-
covered the original estimate of the timber, headed
"Myer's Bend Estimate," and "This Side of Bayou Des
Arc," said estimate embracing 1,900 acres of land, con-
sisting of the Myer's Bend land and the land west of
White river, signed by W. H. Cooper; that he had also
discovered a letter from Cooper, dated May 10, 1908,
making corrections in the estimate sent the preced-
ing day.

The petition further alleged that Cooper testified on
the former trial that the due-bill executed by Emmett
Vaughan to him was for an estimate of nothing but the
Myer's Bend land, and that this land was the only land
he estimated for Vaughan.

The petition set up a memorandum executed by
Cooper at the time the due-bill was executed, which reads
as follows: "I agree that the due-bill given me this date

by E. Vaughan for $1,000 to be void if sale of land fails to go through."

The petitioner alleged that the newly discovered evidence, above set forth, would show that the estimate was made for Romunder and not for Vaughan, and was for the entire 1,900 acres of land; that the testimony shows that only the Myer's Bend land of 761 acres had been sold.

The petition further alleged as follows:

"That the newly discovered evidence that has come to light since the verdict is material, and that in the former trial of said cause he used due diligence in preparing said cause and that the said Herman Romunder was a nonresident of the State of Arkansas, and that in the taking of the depositions he requested of him to attach all correspondence and other instruments of writing relating to said deal, which the said Romunder promised to do, and that he made repeated demands for said correspondence, but that the said Herman Romunder stated that he could not locate the same, and refused to attach same to his said deposition. That he was unable to procure any of said correspondence until recently and since the verdict or opinion of the Supreme Court. That it was impossible for petitioner to have known what was contained in the correspondence which passed between Herman Romunder and W. H. Cooper, and that he did everything within his power to ascertain the nature and extent of the same and to have the same made a part of his deposition.

"Petitioner further states that the above testimony, in his opinion, would have produced a different result in the trial of said cause, and that if said verdict is permitted to stand it will work an irreparable injury to said petitioner."

The petition concludes with a prayer that the judgment be vacated and that he be granted a new trial, etc.

A general demurrer was filed to the petition, which was overruled. Appellant answered, and among other things, after admitting the former suit and judgment,

he denied that the newly discovered evidence was material; denied that it would have changed the result of the trial; set up that appellee was fully advised by the testimony of appellant in the former trial as to what this cause of action was and the testimony upon which he relied to sustain it; that there was on the first trial of said cause a hung jury, and that the cause was continued from term to term until finally it was tried and a judgment rendered in favor of the defendant (in this case). The answer then set up the following:

"This defendant further states that Herman Romunder, one of the witnesses upon which plaintiff relies for newly discovered evidence, is and was at all times herein mentioned the president of the Buena Vista Veneer Company, an Arkansas corporation, with its offices at Des Arc, and that said Herman Romunder visited Des Arc as often as once a month from and after the 8th day of August, 1910, until the final hearing of said cause; that the said plaintiff was well acquainted with the said Herman Romunder and saw and talked with him during his visits at Des Arc, and being fully advised of the connection of this defendant, both by the pleadings and this defendant's testimony, had ample opportunity and could, with the exercise of diligence, have discovered and ascertained before the trial and judgment the evidence which he now desires to have given by the said Romunder. * * *

"That this defendant denies that the said plaintiff could not have brought this newly discovered evidence forward at the time of the trial; denies that he used due diligence in preparing his cause for trial and in attempting to develop all the facts connected therewith, but avers the facts to be that the said plaintiff was guilty of laches and gross negligence in the preparation of his cause, and that by reasonable diligence the so-called newly discovered evidence could have been produced at the trial.

"And for another and further defense this defendant states that in his complaint so filed as aforesaid he charged and alleged that he had been employed by the

said Emmett Vaughan to estimate the timber on certain lands known as the Myer's Bend land, and in said complaint particularly described, and that for his services so rendered the said Vaughan was to pay him $1,000, when the land should be sold, and as evidence of all which the said Vaughan executed and delivered to this defendant a due-bill for $1,000, and further alleged that he had made the estimate that the land was sold and that the money was due and unpaid.

"That the said Vaughan in his answer denied that he was indebted to the defendant $1,000, or in any other sum; admitted the execution of the due-bill, but alleged that Mr. Romunder, in whose employ the defendant was at the time, was negotiating with said Vaughan for the purchase of certain lands and had instructed this defendant to make an estimate of the timber for him; that this defendant threatened to throw the deal unless the said Vaughan should agree to pay him the said sum of $1,000, and that rather than have the deal fail he gave the due-bill agreeing to pay this defendant the sum of $1,000 when said deal was consummated but that said deal failed to go through.

"The evidence adduced on behalf of this defendant tended to prove the allegations contained in said complaint while the evidence adduced on behalf of the said plaintiff, Vaughan, tended to prove the allegations contained in his answer; the case was fully developed by testimony adduced at the hearing on both sides, so that this defendant said that the so-called newly discovered evidence is merely cumulative of the evidence adduced on behalf of the plaintiff, Vaughan, at the trial, and its effect is to impeach the witnesses of this defendant and to contradict his testimony."

The remainder of the answer is devoted to a denial of allegations in the complaint, and sets up that if the witnesses should testify as it is alleged they would that their testimony would be untrue and not founded upon the facts. And the defendant avers "the fact to be that this defendant was in the employ of the said Buena Vista

Veneer Company in January, 1908; that in January, 1908, he was instructed by the said Romunder to make an estimate of the timber growing on the Myer's Bend land and other lands belonging to the said Emmett Vaughan; that in pursuance of said instructions he made said estimate and delivered it to the office of the Buena Vista Veneer Company, and that said estimate embraced 1,900 acres of land; that in May, 1908, he made an estimate of the timber on Myer's Bend land alone and delivered the same to the said Emmett Vaughan, and that the last estimate was made at the instance and request of the said Emmett Vaughan."

The petition contained allegations of newly discovered evidence of other witnesses, and the answer denied these allegations. The conclusion we have reached as to the alleged newly discovered evidence of the witness Romunder renders it unnecessary to notice these allegations.

It was agreed that only one term of the court had been held since the rendering of the judgment in the case of *Vaughan* v. *Cooper* on the former trial.

Without objection, the testimony on behalf of the plaintiff and the defendant at the former trial of said cause was introduced in evidence. The court also heard the testimony of witnesses on behalf of the plaintiff in the present cause to sustain his application for a new trial, and also the evidence of the defendant, and at the conclusion thereof sustained the motion and entered a judgment setting aside the former judgment of the court and granting the petitioner, appellee, here, a new trial, from which judgment this appeal has been duly prosecuted.

*F. E. Brown* and *W. A. Leach,* for appellant.

1. Applications for new trials on the ground of newly discovered evidence are received with caution. They are regarded with distrust and disfavor. 28 Ark. 121; 13 *Id.* 360. Due diligence must be shown. 45 Cal. 94; 35 *Id.* 684; 16 *Id.* 180; 28 Ark. 380; 99 *Id.* 523.

2.    The evidence must not be merely cumulative. The names of the witnesses and the facts expected to be proved must be set out, and due diligence shown. 26 Ark. 496; 13 *Id.* 105; 11 *Id.* 671; 5 *Id.* 256; 2 *Id.* 133, 346; *Ib.* 33.

3.    It must be shown that the evidence is not merely contradictory and tends to impeach one's adversary or his witnesses.    97 Ark. 435; 96 *Id.* 400; 90 *Id.* 435; 72 *Id.* 404; 45 *Id.* 328; 40 *Id.* 445; 36 *Id.* 260.

4.    The facts pleaded do not show due diligence. 99 Ark. 523; 85 *Id.* 33; 55 *Id.* 312; 38 *Id.* 515; 28 *Id.* 121; 13 *Id.* 360; 99 *Id.* 407; 63 *Id.* 643; 85 *Id.* 179.

5.    The evidence was merely cumulative.    2 Ark. 133; *Ib.* 246; 5 *Id.* 256.

6.    The evidence was known prior to the trial.    73 Ark. 377; 37 *Id.* 333.

7.    Kirby's Dig., § 1188, does not apply.    89 Ark. 160.

*Trimble & Trimble,* for appellee.

1.    The court has no jurisdiction of the subject-matter.    Kirby's Dig., § § 1188-1238; 73 Ark. 617; 77 *Id.* 298.

2.    The proof shows due diligence.    101 Ark. 352.

3.    The evidence was newly-discovered and material, and not merely cumulative.    14 Enc. Pl. & Pr. 738; 54 Ga. 635; 6 Me. 416; 41 Ark. 231; 11 *Id.* 673; 5 Words & Phrases, 4700.

4.    Motions for new trial on the ground of newly discovered evidence are addressed to the sound legal discretion of the court.    41 Ark. 231; 11 *Id.* 673; 15 Enc. Pl. & Pr. 286, par. 4.

WOOD, J., (after stating the facts).    1.    This suit was brought under section 6220 of Kirby's Digest, which provides that, ''Where grounds for new trial are discovered after the term at which the verdict or decision was rendered, the application may be made by petition filed with the clerk not later than the second term after the discovery, on which a summons shall issue, as on other complaints, requiring the adverse party to appear

and answer it on or before the first day of the next term."

The court had jurisdiction after the expiration of the term at which the judgment was rendered to vacate it and grant a new trial upon newly discovered evidence under the authority of section 4431 of Kirby's Digest.

The provision of section 1188 of Kirby's Digest, providing that "no appeal to the Supreme Court from an order granting a new trial, in any case made on bill of exceptions, shall be effectual for any purpose, unless the notice of appeal contains an assent on the part of the appellant that, if the order be affirmed, judgment absolute shall be rendered against the appellant," has no application to proceedings to vacate the judgment under sections 4431 and 6220, *supra*. *Ayers* v. *Anderson-Tully Co.*, 89 Ark. 160.

2. Under our decisions, the petition to set aside the judgment after the expiration of the term at which it was rendered and to grant a new trial must state facts and circumstances sufficient to show that the failure to adduce the alleged newly discovered evidence at the former hearing was through no lack of diligence on the part of the petitioner. It must also state that the facts and circumstances came to his knowledge since the former trial, and set out the facts, and these facts must be sufficient to convince the court that had they been introduced at the former trial they would probably have changed the result. The facts alleged must be competent to prove the issue, must not be cumulative of those previously relied on, and not merely contradictory or tending only to impeach the testimony of witnesses introduced at the former trial. And the petition must also state the facts and circumstances under which the newly discovered evidence was made. *Merrick* v. *Britton*, 26 Ark. 496; *Minkwitz* v. *Steen*, 36 Ark. 260; *Ward* v. *State*, 85 Ark. 179; *Smith* v. *State*, 90 Ark. 435; *Osborn* v. *State*, 96 Ark. 400; *Russell* v. *State*, 97 Ark 92. See also, by analogy, *Killian* v. *Killian*, 98 Ark. 15; *Stone* v. *Sewer Imp. Dist. No. 1*, 107 Ark. 405.

Tested by the rules announced in the foregoing cases, we are of the opinion that the petition under consideration stated a cause of action.

3.   It is stated in substance in the petition that the testimony of W. H. Cooper (appellant) at the former trial showed that he made an estimate for Herman Romunder in January, 1908, of what is known as the Myer's Bend tract of land and that three or four months after this estimate was made he made another estimate for appellee Vaughan for which Vaughan agreed to pay him $1,000, as evidenced by a due-bill executed May 8, 1908, and that the testimony of Romunder given at the former trial corroborated this testimony of Cooper; but that since the former trial and judgment, and since the judgment of the Supreme Court was rendered, witness Romunder had discovered a certain letter written by him to Cooper, dated the 1st of May, 1908, showing that he was mistaken when he testified at the former trial that Cooper was in his employ in January, 1908, and made an estimate of the timber for him at that time, and that Romunder would now swear that W. H. Cooper only made one estimate of the timber and that said estimate was made in May, 1908, and that said estimate embraced not only the land lying east of the river in Woodruff County, known as the Myer's Bend land, but also the land lying west of the river in Prairie County, embracing in all about 1,900 acres.

The petition further alleged that this evidence was newly discovered; that it was material; that petitioner used due diligence in preparing his case, and the reason he gives for not discovering it before is that Romunder was a nonresident of the State; that in the taking of the depositions he requested of him to attach all correspondence and other instruments of writing relating to said deal, which the said Romunder promised to do, and that he made repeated demands for said correspondence, but that the said Romunder stated that he could not locate the same, etc.; that he was unable to procure any of said correspondence until recently; "that it was impossible

for your petitioner to have known what was contained in the correspondence which passed between the said Herman Romunder and the said W. H. Cooper, and that he did everything in his power to ascertain the nature and extent of the same and to have the same made a part of his deposition.''

We are of the opinion that the facts set forth in the petition are sufficient to show that the evidence was newly discovered; that it was material testimony, was not merely contradictory of the testimony of other witnesses or of the appellant, and that it was not merely cumulative, and that it is evidence which, if introduced at the former trial, would probably have changed the result, and that facts are stated showing the circumstances under which it was discovered and showing that due diligence was used to obtain it. The complaint was therefore sufficient in regard to the newly discovered evidence to state a cause of action under the rules declared in the above cases.

Without going into details in setting out and discussing the weight of the evidence *pro* and *con,* we are of the opinion that the testimony of Romunder in support of the allegations of the petition fully warranted the finding of the court in setting aside the former judgment and granting the appellee a new trial. The newly discovered evidence of Romunder tended strongly to support the allegations of the petition and was sufficient to warrant the court in finding that if the testimony of Romunder given on the hearing of the petition for a new trial had been adduced at the former trial before the jury that the verdict most likely would have been different. In other words, this testimony tended to show that Romunder was mistaken in his testimony given at the former hearing to the effect that in January, 1908, appellant had made an estimate for him; that, on the contrary, the estimate appellant made for him was in May, 1908. This testimony tended to support the contention of the appellee that appellant had not made an estimate for him (appellee) in May, 1908, for which he had agreed to

pay him (appellant) $1,000, but that the due-bill was executed for an entirely different purpose, and that the consideration for said due-bill wholly failed.

In *Schofield Rolling Mill Co.* v. *State of Georgia,* 54 Ga. 635, the court say: "When a witness for the plaintiff testifies from recollection capable of certain ascertainment by measurement, and after the trial by the jury swears that he was mistaken in the testimony, and the testimony is very material, and probably largely influenced the verdict, and the discrepancy between his testimony and the affidavit is very great, and said information having come to his knowledge since the trial, a new trial on the ground of newly discovered evidence will be granted."

In 29 Cyc., at page 608, this rule is announced: "Where it is clear that a witness was mistaken in giving the only or controlling testimony to a material fact, or that the testimony of witnesses on which the verdict proceeded was founded on particular circumstances which have been clearly falsified, a new trial should be granted."

This doctrine is apposite here to the alleged newly discovered evidence of Romunder. No one can say that the jury was not probably influenced in making their verdict by the testimony of Romunder on the former trial, and the allegations of the petition, supported by his testimony on this application for a new trial show that his former testimony was grounded upon facts about which he was mistaken, and of which, if he had been at the time cognizant, he would have given entirely different testimony.

The most serious question in the case is as to whether the testimony on behalf of appellee was sufficient to show that he had used due diligence in the preparation of his case for the former trial. The testimony of appellee on this question is as follows:

Q. State what you did in preparation of the case?

A. I endeavored in every way I could at the first trial to get the memorandum from Miss Cannie. She

told me at the time that she only kept a copy and she tried to find that but couldn't. Then I tried to get her to get it from the home office in Mishawaka and she couldn't. I tried to get that or any other correspondence but she couldn't get it. Afterwards I went to Mishawaka myself and Mr. Romunder's office in South Bend, and all that I could find was that letter of May 1. I stayed several days and when I went to leave I told them to have Mr. Romunder look through everything and if he could find anything at all to send it down to me. He never did send anything except what he sent with his deposition.

Q. What steps did you take towards procuring these papers with reference to Herman Romunder?

A. I telephoned Mrs. Johnson the day we took the deposition to ask Mr. Romunder to come down to the clerk's office and he refused to do it. Then I told her to tell him that if he didn't we would have a subpoena issued for him and he would have to come any way. We took his testimony, and in taking it Mr. Leach asked him to attach all these exhibits and I thought that he did, but we were never able to find it until recently.

Q. What was the relation at that time between you and Mr. Romunder?

A. Well, we didn't speak. The relations were strained. He would not speak. He did business at my bank until September, 1909, at which time we had a disagreement out of which the strained relations grew. This continued until last November.

Q. As soon as this strained relation was over with and he would speak to you, state what efforts you used to get hold of this testimony?

A. Well, at the time the case had been appealed to the Supreme Court we talked the matter over. I wanted to explain my position in the transaction; to explain any feeling he might have against me in regard to it. We discussed the testimony. I told him at the time that he was wrong and after the case was settled in the Supreme Court, immediately I discovered that I could

get this testimony and I have left no stone unturned to get it. I have spent a good deal of money to get it. I made a trip to Mishawaka.

Q. At the time of the taking of the deposition did you know anything about the correspondence that had passed between Mr. Cooper and Mr. Romunder?

A. No, sir.

Q. Did you know that these exhibits attached to Mr. Romunder's deposition were in existence?

A. No, sir; I did not.

The above was sufficient to show that appellee exercised due diligence to procure the alleged newly discovered testimony.

The judgment is therefore affirmed.