BENNER *v.* KRIEGER'S CLEANERS & DYERS, INC.

(Two cases.)

(Decided June 24, 1929.)

' *Messrs. Newcomb, Newcomb & Nord,* for plaintiff in error.

*Messrs. Baker, Hostetler & Sidlo,* for defendant in error.

VICKERY, P. J.   These two cases, entitled Ruth M. Benner v. Krieger's Cleaners & Dyers, Inc., come into this court on petitions in error to the common pleas court of Cuyahoga county.   The purpose in each case is to reverse a judgment rendered in favor of the defendant in error, defendant below.   There is also a motion filed in the first of the above-mentioned cases in diminution of the record.   We think, from the view that we take of these cases, that we can safely overrule the motion, as the questions that are sought to be raised by it can be, and are, raised in a different way.

From the record of the first case, No. 9611, we learn that the plaintiff in error brought her action to recover for personal injuries suffered in a collision between her automobile and a truck driven by a servant of the defendant at the junction of Cumberland road and Euclid Heights boulevard in the city of Cleveland Heights.   It is not necessary to

recite in detail the circumstances of this collision. The defendant below filed a pleading which raised the question of contributory negligence of the plaintiff, and so far as the record discloses this and other questions were properly submitted to the jury under proper charges and the jury having heard all the evidence found for the defendant.

A motion for a new trial was made on several grounds set forth in the motion, and on the further ground that there was newly discovered evidence, which evidence was brought before the court in the form of an affidavit which is attached to the bill of exceptions and made a part thereof. The court, however, overruled this motion and entered up a judgment on the verdict, and it is to reverse that judgment that error is prosecuted here.

It is alleged that the verdict is contrary to the weight of the evidence and that the court erred in refusing to grant a new trial on the ground of newly discovered evidence.

An examination of the affidavit which was filed in support of the motion will show that the newly discovered evidence was but cumulative, and we could not say that the court committed error in refusing to grant a new trial on this ground. The remarks of the trial court, however, in this connection are indicative of the fact that for some reason the court apparently took a strong antipathy to the plaintiff below and criticised her severely because she did not settle her lawsuit for what he regarded as a reasonable sum. I believe $5,000 had been offered her by way of settlement, and she refused to accept it, although she had been talked to by the court, and

apparently the court took umbrage at plaintiff 'because she refused to settle her lawsuit. Undoubtedly she was very unwise and unduly stubborn in not acceding to the wishes of her lawyers and to the court's suggestion, but she was acting clearly within her legal rights, and simply because she refused to settle was no reason why the court should have taken umbrage. The court expressed much sympathy for the plaintiff's lawyer, but a good deal of displeasure with the plaintiff. Well, I apprehend that it was the plaintiff who received the injuries, and it was her lawsuit; and just why the lawyer should be commiserated with, and the plaintiff prejudiced, the record does not show. But that seems to have been the attitude of the court in regard to the matter, and the attitude of the court is merely adverted to here for what will follow in these two cases, which have been heard together.

Reviewing the record of case No. 9611, there being no complaint of any moment as to the charge of the court, and the issues having been properly submitted to the jury by the court, and the jury having found in favor of the defendant, we cannot under the rule that governs appellate courts disturb the finding of the jury. In other words, we cannot say that the finding is so clearly and manifestly against the weight of the evidence that a reviewing court would be justified in interfering with it, nor do we think the court committed any error that was prejudicial, or, at least, he did not abuse his discretion when he refused to grant the motion for a new trial on the ground of newly discovered evidence; and, so far as this record is concerned, at the present stand-

ing of the case before this court, the judgment must be affirmed, but in that connection we wish to say that what should ultimately be done with this case will depend upon what is finally done with the case that we next review, that is case No. 10074.

The latter case, as already stated, comes into this court on a petition in error, and is the outgrowth of what occurred at the other trial, and the reason why the motion for a diminution of the record filed in this case was refused and overruled is because we think the counsel for plaintiff below undertook to bring before the court in a proper way the things that are to follow, and such proceedings obviate the necessity of the granting of the motion for a diminution of the record.

From the record we learn that subsequent to the trial of this action, and after the term of court had passed in which the judgment had been rendered, it came to the knowledge of the plaintiff's counsel that certain irregularities had taken place in that court. They are to the effect that after the case had been submitted to the jury, and after the jury had been out for some length of time and had failed to agree, the jury came into court and asked the trial court for further instructions with respect to "contributory negligence," and the court thereupon instructed them further in regard to contributory negligence. It must be remembered that this was done without calling the attention of counsel on either side; nor was the plaintiff, or any one representing her, in court. This, as already stated, was learned by the plaintiff's counsel at a subsequent term of court. They, thereupon, under the statute in such case made

and provided, Section 11580, General Code, filed a petition to have the verdict and judgment theretofore rendered in the former term set aside by reason of the irregularities, and supported this petition and application with several affidavits which in effect tend to prove what has already been stated, that is, that the jury, without the knowledge or acquiescence of counsel for either side, or of either party to the suit, were called into court and further instructed upon the question of contributory negligence, and that shortly thereafter the jury brought in a verdict against the plaintiff.

After the petition and the affidavits were filed, a motion was made by counsel for the defendant in error, defendant below, to strike the petition off, basing it, I believe, upon the ground that the plaintiff had perfected her error proceedings in the Court of Appeals, and that idea was so persuasive in the mind of the trial court that he granted said motion and struck off the petition. Exception was taken to this, and a motion for a new trial was made, which was overruled, and a petition in error was filed, and a bill of exceptions was prepared containing all the statements of counsel and the court and the affidavits that were introduced in support of the petition, and the plaintiff asked to have the judgment reversed on the ground of error on the part of the court in striking this petition from the files.

We do not understand why the court struck this petition off. Under the section of the statute above cited, Section 11580, a party, after a term, has the right to file a petition for irregularities or newly discovered evidence, if he alleges that it came to his

knowledge subsequent to the term in which the judgment was rendered. This is a right and not a privilege, the plaintiff had this right, and the court was duty bound to hear the evidence in the case, and then he could have refused the relief sought in the petition, and error could have been prosecuted from that; but the striking of the petition off the files is error for which the reviewing court must reverse.

The mere fact that judgment has been rendered in an original case and that error proceedings have been filed in the Court of Appeals, or even that the Court of Appeals has affirmed the judgment, would not and could not take away the plaintiff's right guaranteed to her by statute, if she can bring herself within the statute, that is the right of filing a petition after term for a new trial, based upon irregularities and newly discovered evidence, and it then becomes the duty of the court to hear the evidence in the case and to render judgment, to which error could be prosecuted.

One of the most illustrative and illuminating cases of that kind is the case of *Cleveland Railway Company* v. *John Sheehan,* decided January 14, 1924, by this court, opinion by Vickery, J. In that case Sheehan as a passenger upon one of the Cleveland Railway Company's cars was injured, and he brought an action for damages, and was entitled to recover damages for such injuries as received in that accident. One of the specific questions that the jury was called upon to decide was whether the injuries to Sheehan's back were the basis of a judgment for recovery, and they answered in the affirmative and rendered a verdict for $35,000, which verdict was

approved by the common pleas court in overruling the motion for a new trial and entering judgment upon the verdict. Subsequently, after the case had been carried to the Court of Appeals, and error proceedings were perfected, the railway company's attorneys learned that Sheehan had his back injured in falling from a telephone pole in Wheeling, West Virginia, almost twenty years before, whereupon they filed a petition, the issue was made up, and they substantiated their claim by depositions and other evidence before the same Judge who heard the original case. The court overruled their contention and error was prosecuted to the Court of Appeals, and both of those cases were heard in the Court of Appeals at the same time, the Court of Appeals holding that the court was wrong in both instances, and reversed the case and remanded it. It was subsequently retried, and a judgment commensurate with the injuries received in the accident for which the action was then being brought was rendered for the plaintiff, which amount the Cleveland Railway Company never disputed, but admitted Sheehan was entitled to.

This case is exactly on all fours with the instant case, and the fact that the case has been carried to the Court of Appeals, and the appeal perfected, does not in any wise contravene the right of the plaintiff to have the remedies which the statute prescribes for her; nor could the court deprive her of her remedy by striking the petition off; and the court was wrong and committed error in this respect. Inasmuch as this case must go back to the trial court for a rehearing, we deem it expedient and wise for us, for

the guidance of the court below, to repeat what we have already said in several cases.

When the statute provides that the court must instruct the jury, and the jury wants further instructions, they must be taken into the courtroom and the parties notified of the application of the jury for further instructions, so that they can be present and hear what the court says, and take their exceptions, or maybe ask for further instructions. This court sustained that contention in the case of *Sunshine* v. *Beckenbaugh,* volume 33, page 372 of the Unreported Opinions of the Court of Appeals, Eighth District, decided by this court December 15, 1924, opinion by Vickery, J., where the trial court, having been applied to by the jury for further instructions, without attempting to find the attorneys for either side, although both sides were represented by local counsel, called the jury in, and in the absence of counsel on either side, but in the presence of a stenographer who represented both sides, and who was directed by the court to take an additional charge, further instructed the jury, and this court held that was erroneous and reversed the case, although the verdict in that case was eminently just and right, and was afterwards regiven by another jury; but we felt that the danger to litigants was so grave that the statute ought to be complied with in the giving of additional instructions to the jury.

In the case of *Malle* v. *Hayes,* 25 Ohio App., 506, this court refused to reverse a case because of the court's instructing the jury in the absence of counsel, but the reason in that case was that the trial court had given an erroneous instruction to the jury

just before luncheon, and after luncheon called the attorney on one side and told him that he had made a mistake, and that he proposed to change his instructions in that respect. That lawyer was no less a member of the bar than Wm. H. Boyd, who, when notified, advised the court that he did not wish to be present. The court tried to reach Mr. Bernsteen, of Bernsteen & Bernsteen, the other lawyer in the case, and reached his office, but was told that Mr. Bernsteen was not in his office and they did not know where to locate him, and so the court went on under those circumstances and gave additional instructions to the jury. We held in that case that that was not erroneous, and the Supreme Court affirmed that holding.

There are several other cases where we have likewise held that it is error for a court to undertake to instruct the jury in the absence of counsel, without first attempting at least to reach the counsel to have them present. We do not mean to assert that the courts must be idle, and be held up in the transaction of public business because lawyers cannot be reached; but there must be some effort made and the lawyer should be given an opportunity of being in court when the new instructions are given.

It is not necessary to cite the other cases, but there are many of them, both in this court and in other courts, where it has been held that where the court undertakes to give further instructions without first notifying the counsel, so that they can be present and ask for further instructions or take exceptions, such court commits error for which the judgment will be reversed.

Now what the evidence will show in this case we do not fully know, but the plaintiff had the right to have that matter fairly presented to the court, and if the court refused to grant the relief prayed for in the petition she could prosecute error. If the court on the other hand granted her petition, and set aside the verdict, and granted a new trial, the mere fact that the judgment had been affirmed by the Court of Appeals would not affect it in the least. See *Fuller* v. *U. S.*, 182 U. S., 562, 21 S. Ct., 871, 45 L. Ed., 1230, opinion by Justice Harlan. So in this case, if the trial court should, after hearing the evidence on both sides on this petition, grant the motion for a new trial, the mere fact of our affirming the judgment in the first case, No. 9611, would have no effect whatever upon the power of the court to set aside the judgment in the common pleas court, even though affirmed. It would be vacated just the same, and if the court refused that petition, and the reviewing court should reverse that case, and render such judgment as the court below should have rendered, it would operate as a vacation of the judgment of the common pleas court, even though it had been affirmed by this court.

I am thus explicit on this matter so that there will be no misunderstanding and no claim of *res judicata,* or anything of that kind, to prevent the matter being fairly litigated in the future, if the matter should further arise.

We think, therefore, that the court erred in dismissing this petition, and for that reason the judgment in the second case, No. 10074, will be reversed

and the cause remanded to the common pleas court for a rehearing.

*Judgment affirmed in case No. 9611.*

*Judgment reversed and cause remanded in case No. 10074.*

SULLIVAN and LEVINE, JJ., concur in judgment.