### CLARK *v.* BOWEN.

4-2844

Opinion delivered February 6, 1933.

**932**

*O. A. Featherston,* for appellant.

*P. L. Smith,* for appellee.

BUTLER, J. This is an appeal from the action of the trial court vacating a judgment of that court made and entered on the 15th day of September, 1930, which was appealed to this court and affirmed.

In the court below the appellant filed a motion to dismiss the petition on the ground that the subject-matter involved had been adjudicated, and the plea of *res judicata* was interposed in said motion. This motion was overruled, and issue was joined. The court, having heard the evidence adduced, vacated its former judgment, and the appellant here urges the same grounds for reversal as those contained in his motion to dismiss.

The judgment sought to be vacated has been before this court on appeal and here affirmed. The appellant invokes the rule that matters involved and litigated in a former suit, or which might have been litigated therein, are *res judicatae,* and cites a number of our cases in support of the rule. It is our opinion that the rule and the decisions have no application here, for the reason that this is a special statutory proceeding authorized by the first subdivision of § 6290 of Crawford & Moses' Digest and prosecuted under § 1316 of the Digest, which section provides that, where grounds for new trial are discovered after the term at which the verdict was rendered, an application for vacating the judgment may be made by petition filed with the clerk on which a summons shall issue as on other complaints requiring the adverse party to appear and answer. By that section it is also provided that the case shall be summarily decided by the court upon evidence, either in form of depositions or the testimony of witnesses examined in the court.

It was alleged, and the court found, that the plaintiff (appellee) had discovered new evidence material to the issue in the former suit, and that, if the evidence was true, it constituted a valid defense. The court thereupon granted the prayer of the petition and vacated and set

aside the judgment and set down the case for trial. Subsequently, the case was again tried, and the verdict of the jury and judgment of the court were adverse to the appellant.

There appears to have been sufficient testimony to justify the action of the court in vacating the judgment and to sustain the verdict of the jury in the subsequent trial. In the matter of vacating judgments on the ground of newly-discovered evidence, a wide discretion is given the trial court, and its judgment should not be disturbed unless it is manifest that there has been an arbitrary abuse of that discretion. The right to have a judgment vacated on the ground of newly-discovered evidence, or for any other of the grounds mentioned in § 6290, *supra*, is not affected by an appeal to this court or a reversal or affirmance. It is an independent action to be instituted and conducted as in ordinary actions at law, and is not affected by whatever might have been done with respect to the judgment sought to be vacated.

In the case of *Foohs* v. *Bilby,* 95 Ark. 302, 129 S. W. 1104, there had been a trial and judgment in the lower court, from which Bilby had appealed to this court, in which court the judgment of the trial court was affirmed. Afterwards, proceeding under the statute was instituted to vacate the judgment. It was there said: "It is next insisted by counsel for appellant that, Bilby having appealed from the judgment of the circuit court and the judgment having been affirmed, he was precluded from instituting proceedings to vacate it. This objection is not tenable. The appeal was merely a continuation of the suit below. An appeal does not have the effect of vacating the judgment of the court below. Even where a supersedeas is granted, an appeal does not have the effect of vacating a judgment, but only stays proceedings thereunder. *Miller* v. *Nuckolls,* 76 Ark. 485 [89 S. W. 88, 113 Am. St. Rep. 101, 6 Am. Cas. 513]. If supersedeas is granted, the judgment of the court below is suspended pending the appeal; and, if the cause is reversed, the rights of the parties stand as though no action had ever

taken place in the court below. *Harrison* v. *Trader,* 29 Ark. 85. On the other hand, if the judgment is affirmed, the rights of the parties will stand as if no appeal had been taken. Therefore we do not see how the rights of a party to have a judgment set aside for the grounds set out in § 4431 of Kirby's Digest can be affected by an appeal taken from the judgment. The appeal and the proceedings to set aside the judgment for the grounds mentioned in § 4431, *supra,* are wholly separate and independent proceedings, and are intended to effectuate different purposes. Therefore it is difficult to perceive how the use of the one remedy will preclude the right to exercise the other.''

From the record before us, we are of the opinion that the action of the trial court in vacating the judgment was not an arbitrary exercise of his power, and, since on a new trial there was substantial evidence to warrant the verdict, the judgment will be affirmed.