Marshall GARRETT *v.* ALLSTATE INSURANCE CO.

CA 88-137                                   762 S.W.2d 3

Court of Appeals of Arkansas
En Banc
Opinion delivered December 21, 1988
[Rehearing denied March 22, 1989.]

*R. David Lewis*, for appellant.

*Huckabay, Munson, Rowlett & Tilley*, by: *Beverly Rowlett*, for appellee.

PER CURIAM. In the above appeal, the appellant has asked us to remand the matter to the trial court for that court to act upon appellant's motion for a new trial. Appellant, however, wants this appeal to remain in suspense while the trial court is passing on his motion for a new trial. The basis alleged for new trial is newly discovered evidence and the brief in support of the motion contends the evidence was discovered in August of 1988. Since trial was in February of 1988, the evidence would have been discovered more than 90 days after the trial. We do not address the merits of the motion but hold that it should be denied upon procedural considerations.

Rule 60(b) of the Arkansas Rules of Civil Procedure allows judgments to be set aside for certain reasons within 90 days after they are filed with the clerk. Ark. R. Civ. P. 60(c) allows

judgments to be set aside for certain reasons after the expiration of 90 days from the date they are filed with the clerk. Under Rule 60(c) (1) a judgment may be vacated after 90 days of the filing of the judgment by the granting of a new trial on the ground of newly discovered evidence which could not have been discovered in time to file a motion under Rule 59(c), provided the motion is filed within one year after the discovery of the ground or one year after the judgment was filed with the clerk of the court whichever is the earlier.

A writ of error coram nobis has been allowed in criminal cases while the appeal was pending in the appellate court. *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984); *Shamlin v. State*, 19 Ark. App. 165, 718 S.W.2d 462 (1986). In *Penn* the court said: "A writ of error coram nobis is an excessively rare remedy, more known for its denial than its approval." 282 Ark. at 573. Undoubtedly, the writ has been allowed while the appeal was pending because of the rule that "[o]nce a conviction has been affirmed on appeal, error coram nobis is not available to secure a new trial on the basis of newly discovered evidence . . . ." *Williams v. Langston*, 285 Ark. 444, 688 S.W.2d 285 (1985); *see also Edgemon v. State*, 292 Ark. 465, 730 S.W.2d 898 (1987).

The rule, however, is different in civil cases. Ark. Stat. Ann. § 27-1906 (1947) allowed a motion for new trial to be heard in a civil case where the grounds were discovered after the term at which the verdict was rendered, provided the petition was filed not later than the second term after the discovery; however, the application for new trial could not be made more than three years after final judgment was rendered. Ark. Stat. Ann. § 29-506 (1947) provided that judgments could be vacated after the expiration of the term in which they were entered for several reasons, one of which was to grant a new trial for the cause and in the manner prescribed in Ark. Stat. Ann. § 27-1906.

Under the above statutes, judgments could be set aside and motions for a new trial allowed even though the judgment set aside had been affirmed by the appellate court. *See Foohs v. Bilby*, 95 Ark. 302, 129 S.W. 1104 (1910) (new trial sought on grounds of unavoidable casualty which prevented the appellant from appearing for trial, under Kirby's Digest § 4431, subsequently compiled as Ark. Stat. Ann. § 29-506 (1947)). *Cooper v.*

*Vaughan,* 107 Ark. 498, 155 S.W. 912 (1913) (new trial sought on grounds of newly discovered evidence under Kirby's Digest § 6220, subsequently compiled as Ark. Stat. Ann. § 27-1906 (1947)). *Clark* v. *Bowen,* 186 Ark. 931, 56 S.W.2d 1032 (1933) (new trial sought on grounds of newly discovered evidence under Crawford & Moses' Digest § 6290 (Ark. Stat. Ann. § 29-506) and prosecuted under Crawford & Moses' Digest § 1316 (Ark. Stat. Ann. § 27-1906)).

Rule 60(c) of the Arkansas Rules of Civil Procedure now allows judgments to be set aside and new trials granted for the same reasons as could previously be done under Ark. Stat. Ann. §§ 27-1906 and 29-506. See *Davis* v. *Davis,* 291 Ark. 473, 725 S.W.2d 845 (1987). *Davis* allowed the trial court to modify a judgment, after it had been affirmed on appeal, for fraud. This was allowed under the authority of Ark. R. Civ. P. 60(c)(4). Rule 60(c) contains essentially the same provisions of former Ark. Stat. Ann. §§ 27-1906 and 29-506. *Davis* stated that Ark. R. Civ. P. 60 was intended to substantially retain existing Arkansas law, cited *Foohs* v. *Bilby, supra,* and specifically stated the lower court had the power to modify the judgment even though it had been affirmed on appeal.

It is, therefore, clear that under the provisions of Ark. R. Civ. P. 60 a trial court in Arkansas may modify or set aside its judgment, or vacate its judgment to allow a new trial, even though the judgment has been affirmed on appeal. This view is not unique to Arkansas although it is not unanimous. *See Benner* v. *Krieger's Cleaners & Dyers,* 38 Ohio App. 7, 175 N.E. 867 (1929), *aff'd* 123 Ohio St. 482, 175 N.E. 857 (1931); 58 Am. Jur. 2d *New Trial* §§ 4-5 (1971); Annot. 139 A.L.R. 340.

Therefore, we hold that the motion to remand in the instant case should be denied. The briefs have all been filed and the case is ready for decision. If the appellant loses, he has his motion for new trial pending, and the trial court can then rule on it. If the trial court agrees as to the merits, the judgment can be set aside and a new trial granted even though we have affirmed this case on appeal. On the other hand, to suspend our decision while the trial court is considering whether or not to grant a new trial will, of course, prolong the disposition of the case on appeal. If we allow this, all appellants could appeal their cases, put them on

202

hold while they keep filing motions in the trial court attempting to get a new trial, and if those efforts are all eventually unsuccessful, they can finally come back to the appellate court and ask that their case on appeal be decided. This would simply circumvent the appellate time periods.

Motion denied.