## SCHOFIELD v. RANKIN.

### Opinion delivered April 20, 1908.

JUDGMENT—AMENDMENT.—While a court of record has plenary and continuing powers to amend its records so as to make them speak the truth, a trial court may not amend the record entry of a judgment after the Supreme Court reversed such judgment upon the ground that the trial court had no jurisdiction of the subject-matter.

Appeal from Woodruff Chancery Court; *John Fletcher;* Special Chancellor; affirmed.

*Moore, Smith & Moore,* for appellant.

1. The courts have power at any time to amend the record so as to speak the truth. 40 Ark. 231; 75 Ark. 12; 68 C. C. A. 577.

2. Having found that the record of the decree did not truly reflect the action of the court, it erred in denying the petition on the ground that the judgment and mandate of this court precluded it from considering the questions arising on its finding. By an appeal the trial court does not lose jurisdiction of its records. They remain within its control and custody, and the court has the right as well after appeal as before, and after affirmance or reversal, to amend it. 87 S. W. 195; 103 N. W. 1062; 119 U. S. 587; 44 Mo. 342; 68 Mo. 476; 45 Cal. 64; 67 Cal. 339; 53 Ark. 253; 35 Ark. 588; 72 Ark. 322; 76 Ark. 538; 68 Ark. 283; Freeman on Judgments, par. 65; 3 Ala. 312; 60 Cal. 283; 36 Cal. 521; 66 Ark. 336; 76 Ark. 391.

3. The courts have a continuing power over their records, not affected by lapse of time, and the plea of laches does not avail here. 45 Mo. 173; 6 How. 38; 89 Cal. 485; 49 Ia. 376; 119 Ill. 118; 2 Dan. Ch. 1016-17, notes 7 and 10.

*Gustave Jones, Roleson & Woods, P. R. Andrews, N. W. Norton* and *Rose, Hemingway & Rose,* for appellee.

1. Orders *nunc pro tunc* are made only with great caution and circumspection. 10 Mo. 363; 4 Ark. 629; 9 Ark. 189; 40 Ark. 229. Such an order is not a revisory proceeding. It is to enable the court to make the judgment conform to the case actually rendered, and is not a revisory power to correct judicial errors. It can only show what was actually done. 72 Ark. 22; 52 Mo. 60; 76 S. W. 384; 141 U. S. 416; 50 Mo. 148; 1 Black on Judgments, § 132; 28 So. 640; 84 Mo. App. 423; 54 N. E. 575; 47 Pac. 471; 21 Ark. 86; 25 Ark. 265.

2. The decree being void, it can not be amended *nunc pro tunc*. 75 Ark. 8; 85 S. W. 676. And to hold that any amendment could make valid a sale that was void when made would work a manifest injustice. 55 Ark. 34; 70 Ark. 209; 75 Ark. 415; 1 Wall. 636. This court has held that the decree was void. There is no difference between a judgment void on its face and no judgment. 81 Ark. 463.

3. If there was any mistake, it was that of appellants deliberately made for their own advantage. The courts will not relieve against such mistakes, and appellants will not be permitted to take inconsistent positions. 49 Ark. 217; 45 Ark.

37; 22 Ark. 445; 32 Ark. 346; 64 Ark. 213; 57 Ark. 638.

4. The doctrine of laches applies in this case. "A court of equity * * * has always refused to aid stale demands where the party has slept on his rights, or acquiesced for a great length of time." 67 Ark. 313; 117 Fed. 868. Courts of equity usually follow the law relating to limitations in applying the doctrine of laches. 19 Ark. 16; Kirby's Digest, § 5073. Yet nearly twice the time allowed by statute elapsed between the date of the "family settlement" and the filing of the petition in this case. 4 Ark. 624; 20 Fed. 164; 1 Md. 20; 1 Black on Judgments, § 129; 60 Atl. 17; 109 N. W. 1085; 103 N. W. 1062; 38 N. E. 1014; 15 Am. Dec. 614; 43 Pac. 875; 93 U. S. 418; 66 Ark. 183; 1 Freeman on Judgments, § 60; 25 Ohio Ct. Ct. 657; 52 N. H. 190; 43 Pac. 875.

5. Appellants have had their day in court. There is no way to evade the force of this court's decision on last appeal that the decree of the lower court was void by showing matters that occurred before the appeal was decided, and which might have been presented by a timely amendment at any time before and pending that appeal. They are estopped by the record. 47 Am. Dec. 47; 91 U. S. 533; 94 U. S. 351; Elliott, App. Proc. § 580; 195 U. S. 300; 18 Ark. 292; 56 Ark. 170; 14 Ark. 624; *Id.* 624; 1 Ark. 936; 79 Ark. 479; 5 Ark. 202; 14 Ark. 522; 10 Ark. 192; 33 Ark. 169; 36 Ark. 17; 73 Ark. 451; *Id.* 513; 70 Ark. 423; 77 Ark. 279; 7 Ark. 555; *Id.* 404; 63 Ark. 141; 65 Ark. 98; 67 Ark. 481; 6 Cranch 267; 152 U. S. 338; 148 U. S. 240; 73 Pac. 196.

McCULLOCH, J. This is the fourth appearance here of this case in different forms. *Rankin* v. *Schofield,* 71 Ark. 168; *Rankin* v. *Schofield,* 81 Ark. 440; *Rankin* v. *Fletcher,* 84 Ark. 156.

The case came here first on appeal by Sallie Spott Rankin (present appellee) from a consent decree entered by the chancery court directing a sale of the lands in controversy and division of the proceeds. This court set aside and reversed the decree and remanded the case for further proceedings. The lands had been sold under the decree, and after the case was remanded Mrs. Rankin filed a petition in the case against the heirs of the purchaser for restitution and for an accounting and de-

cree for all rents and profits of the land received by the purchaser while in possession thereof. The heirs (who are the present appellants) appeared and contested her right to restitution, on the ground that the sale was valid as to the purchaser, and also on the ground that the right to recover the land was barred by the statute of limitation. The chancery court held that the purchaser acquired a valid title to the lands, and gave a decree denying the right to restitution, from which Mrs. Rankin again appealed. A majority of the judges, on consideration of that appeal, held that the former decree of the chancery court ordering the sale of the land was absolutely void because it was a consent decree (the guardian of Mrs. Rankin, who was then an infant, not having authority to consent), and the court entered it solely by reason of the consent of parties and without consideration or judicial action on the part of the court, and because the decree was not within the issue raised by the pleadings; also that Mrs. Rankin's right to restitution was not barred by limitation. The court set aside and reversed the decree and remanded the case to the chancery court with directions to enter a decree in accordance with the opinion and for further proceedings.

After the case was remanded appellants, who are the heirs of said purchaser and the appellees in the last-mentioned appeal, filed their petition in the court below, alleging that the first decree was not entered by the court without consideration or investigation of the issues and proof, but that the court did investigate the facts and pronounce a decree sanctioning and approving the compromise and agreement of the parties. They alleged that the entry of the decree was erroneous in failing to recite an investigation and consideration by the court, and they prayed that the record of the decree be amended, *nunc pro tunc,* so as to conform to the true findings of the court.

The chancellor heard the petition upon oral testimony and depositions, and found that the allegations of the petition were sustained by the evidence, but decided that the judgment and mandate of the Supreme Court precluded the chancery court from amending the record of the former decree which had been set aside and reversed. The petitioners appealed.

It will be seen that when this effort was made to have the

record of the former decree of the chancery court amended, that decree had been set aside and reversed by this court on appeal; and also that it had been adjudged by this court, on appeal in the proceedings for restitution, that the decree was absolutely void, and that the sale under which appellants claimed title to the property in controversy was void.

Can the record of the original decree at this time be amended?

It can not be regarded otherwise than as well settled now that a court of record has plenary and continuing powers over its own records for the purpose of amendment, so as to make the records speak the truth concerning its proceedings. *Bobo* v. *State,* 40 Ark. 224; *Ward* v. *Magness,* 75 Ark. 12; *Groton Bridge Co.* v. *Clark Press Brick Co.,* 68 C. C. A. 577.

An appeal from a judgment or decree does not deprive the court which rendered it of control over its records or of jurisdiction to amend them. *Arkadelphia Lumber Co.* v. *Asman,* 72 Ark. 322, s. c. 79 *Id.* 284. It is a common practice in this court to consider amendments made by lower courts of their records in cases pending here on appeals, and even to postpone the consideration of cases here until alleged errors in the record can be corrected below by amendment.

But in the case now before us the decree sought to be amended had been set aside and reversed by the judgment of this court, and that judgment had become final. The record entry is merely the evidence of the decree pronounced by the court. That is the reason why the power remains in the court to amend the record so as to make it speak the truth.

Now, when a case comes here on appeal or writ of error, this court considers it upon the evidence brought before us on the record; but when we reverse a judgment or decree, it is the judgment or decree pronounced by the court that is reversed, and not the mere entry of it on the record. The effect of the reversal is to annul, vacate and set aside the judgment or decree—to completely wipe it out as if it had never been in existence. Nothing remains of it—it is gone. When this is so, there is nothing left for the court to amend. The record entry of a judgment or decree which has at that time no legal existence can not be amended.

It may be urged, however, that, inasmuch as appellants were not parties to the first appeal, they were not bound by the judgment of this court. This contention is not without force, but we need not decide that question. Appellants were brought in as parties when the petition against them for restitution was filed, and this court, on appeal, adjudged that Mrs. Rankin was entitled to restitution and remanded the case with directions to enter a decree in her favor for restitution. That judgment of this court is final. We have no further control over it, and it must be accepted as an adjudication of the rights of the parties.

The only questions left open by this court for further adjudication were those concerning "the rights of the parties to return of the proceeds of sale of lands, * * * rents of land and improvements thereon, or other incidents consequent on the recovery of same." This court held, on the last appeal just referred to, that the original decree of the chancery court was void, and that no rights were acquired under it. This, on the ground that the court did not act judicially in pronouncing the decree, but merely recorded the agreement of the parties, and on the ground that the decree was not within the issues raised by the pleadings. The decree itself being void because the court had no jurisdiction of the subject-matter thereof, the record of its entry could not be amended. *Gregory* v. *Bartlett*, 55 Ark. 30.

We are of the opinion that the learned special chancellor was correct in his view of the law as to the power of the court to amend the record at that time, and his decree is therefore affirmed.