Rex P. DAVIS *v.* Pat B. DAVIS

86-258                                        725 S.W.2d 845

Supreme Court of Arkansas
Opinion delivered March 16, 1987
[Rehearing denied April 13, 1987.]

*R.J. Brown, P.A.*, for appellant.

*John Wesley Hall, Jr.*, for appellee.

JOHN I. PURTLE, Justice. Following a bench trial on July 29, 1983, the circuit judge issued a letter opinion addressed to the attorneys of record directing the appellant's counsel to prepare a judgment in the amount of $12,836.14. Sometime later the counselor prepared the judgment in the amount of $24,761.14. The matter was appealed to the Court of Appeals where it was affirmed. After receipt of the mandate the trial court issued an order correcting the judgment to the amount contained in his letter opinion.

The appellant argues on appeal that the circuit court lacked jurisdiction to correct the judgment and that the court erred in correcting the judgment. We disagree with both arguments.

On December 12, 1982, the appellant filed an action for breach of contract. The contract had been entered into by the parties during a divorce proceeding. A bench trial was held on July 29, 1983, and a letter opinion was issued by the trial court on September 1, 1983. The court instructed counsel for the appellant to prepare a precedent awarding his client damages in the amount of $12,836.14. On October 31, 1983, the appellant's attorney, R.J. Brown, sent a precedent to the court in the amount of $24,761.14. The cover letter stated that counsel was adding $11,925.00 for the price of furniture which the appellee had not returned pursuant to their settlement contract. The appellee's attorney, James P. Clouette, was not furnished a copy of the letter of transmittal. The court apparently routinely signed the judgment on November 16, 1983, without examining it. It is customary for trial judges to rely upon the members of the bar to prepare judgments, orders and decrees in accordance with the court's instructions. The record does not disclose when appellee's counsel received a copy of the judgment. However, a motion for a new trial was filed on November 30, 1983. This motion was not pursued by the appellee. The trial court's judgment was appealed on December 7, 1983, to the Arkansas Court of Appeals. The trial

court's judgment was affirmed on February 13, 1985, in an unpublished opinion.

On March 1, 1985, the appellee filed a motion for additional time to file a petition for rehearing in the Court of Appeals. Three days later the appellee filed a petition with the Court of Appeals to remand the case to the circuit court. This motion was denied on April 3, 1985. The next day the appellee filed a motion for rehearing which was denied on April 24, 1985. On the same day the Court of Appeals issued the mandate affirming the trial court. On March 20, 1985, after the decision of the Court of Appeals had been issued, the appellee filed a motion in the lower court to correct the judgment. The mandate had not been received by the trial court at that time. On January 21, 1986, after the mandate had been received, the trial court entered an order correcting the judgment to $12,836.14. The trial court's stated authority was A.R.C.P. Rule 60(c)(4).

■ Rule 60(c)(4) reads as follows:

> The court in which a judgment has been rendered or order made shall have the power, after the expiration of ninety (90) days after the filing of said judgment with the clerk of the court, to vacate or modify such judgment or order:
>
> . . .
>
> (4) For fraud practiced by the successful party in obtaining the judgment.

The above stated rule establishes the right of a trial court to vacate or modify a judgment or order after ninety (90) days. Pursuant to Rule 60(b) the court is granted the power to do the same within ninety (90) days of the entry of the judgment or order.

■ Clearly, the lower court has the power to act as it did unless we find that it lacked the jurisdiction to do so because the appellate court had previously affirmed the judgment. In the early case of *Foohs* v. *Bilby*, 95 Ark. 302 (1910), this court held that a circuit court was not precluded from vacating a judgment after the case had been appealed to the supreme court and affirmed. *Foohs* stated:

> It is next insisted by counsel for appellant that, Bilby

having appealed from the judgment of the circuit court and the judgment having been affirmed, he was precluded from instituting proceedings to vacate it. This objection is not tenable. The appeal was merely a continuation of the suit below. An appeal does not have the effect of vacating the judgment of the court below.

The intent of Rule 60 is to substantially retain existing Arkansas law on the subject. See Reporters' Notes to Rule 60. Although the *Foohs* judgment was set aside because of unavoidable casualty, there is no reason why a judgment should not be set aside for fraud practiced by the party obtaining the judgment. We hold that the action by the appellant's attorney amounted to fraud upon the trial court and was a violation of A.R.C.P. Rule 60(c)(4). The judgment actually entered did not reflect the judgment of the court as announced in the opinion letter.

Rule 60 does not define what constitutes fraud. Justice McFaddin, speaking for the court, in *Arkansas Valley Compress and the Warehouse Company v. Morgan*, 217 Ark. 161, 229 S.W.2d 133 (1950), stated: "trial courts have always been reluctant to define 'fraud' (either actual or constructive) lest man's fertile mind invent a new scheme outside the definition but just as nefarious as previously denounced schemes." The opinion pointed out that constructive fraud or fraud at law does not necessarily consist of guilt or moral wrong but consists of legal or equitable duties owed to another party. Neither actual dishonesty nor intent to deceive is an element of constructive fraud. In the case of *Lane v. Rachel*, 239 Ark. 400, 389 S.W.2d 621 (1965), Justice Frank Holt speaking for the majority stated:

> [C]onstructive fraud is succinctly defined as: 'a breach of legal or equitable duty which, irrespective of the moral guilt of the fraud feasor, the law declared fraudulent because of its tendency to deceive others . . . Neither actual dishonesty of purpose nor intent to deceive is an essential element of constructive fraud.'

We have many times held that there may be a constructive fraud even in the complete absence of any moral wrong or evil intention. *Miskimins v. City Nat'l Bank*, 248 Ark. 1194, 456 S.W.2d 673 (1970).

■ In the present case it is obvious that the judgment of the trial court was intended to be in the amount of $12,836.14. Any change, absent the knowledge and consent of the trial court, would not be the judgment of the court. We, therefore, hold that the court had jurisdiction to set aside or modify the judgment after the mandate of the appellate court had been returned. The action of the appellate court in affirming the judgment did nothing to alter the action of the trial court. It left the judgment undisturbed.

■ The appellant argues that the law of the case doctrine is controlling, thereby prohibiting the trial court from vacating or modifying its earlier decision. The law of the case doctrine does not prohibit the trial court from taking any action pursuant to Rule 60(c)(4). This rule is an exception to the law of the case doctrine. The judgment by the trial court of setting aside the previous order was not a matter which the Court of Appeals considered or could have considered. See *First American National Bank of Nashville* v. *Booth*, 270 Ark. 702, 606 S.W.2d 70 (1980). The action taken by the trial court in correcting the judgment could not have been considered in the first appeal because it did not occur until after the appellate process was completed. Therefore, the law of the case has no application.

Affirmed.

GLAZE, J., dissents.