STATE of Arkansas OFFICE OF CHILD SUPPORT
ENFORCEMENT *v.* Jerry Gordon OFFUTT

CA 96-1321                                    966 S.W.2d 275

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered April 8, 1998

208

*Amy L. Ford*, for appellant.

*Dana A. Reece*, for appellee.

SAM BIRD, Judge. The Office of Child Support Enforcement (OCSE) brings this appeal from the Chancery Court of Lonoke County challenging the authority of the court to enter an amended judgment after the lapse of time prescribed by Ark. Civ. P. 60(b).

Before we discuss the merits of the case, the facts need to be set forth. Scarlett Offutt and Jerry Gordon Offutt, appellee, were married and resided in Alabama. They separated in 1977, and

appellee moved to Arkansas where he obtained a divorce in January 1978. Mrs. Offutt gave birth to a male child on October 10, 1977, but appellee denied that he was the child's father. In 1994, appellant commenced this action to establish paternity of the child and to collect current and past-due child support on behalf of the child's mother. The parties consented to DNA testing to determine paternity; the testing resulted in a determination of the probability of paternity being 99.41 percent. On May 19, 1995, a hearing[1] was conducted, but the chancellor did not issue a ruling, taking the case under advisement. In November of 1995, six months after the paternity hearing and after having received no decision from the court, the appellant's attorney prepared a precedent containing a finding that appellee was the father of the child and setting appellee's child-support arrearage at $6,000, based upon $100 per month for five years.[2] The precedent was mailed to the judge and appellee's attorney, along with a transmittal letter by which appellee's attorney was requested to notify the judge within seven days if she objected to the precedent, and the judge was requested to sign the order if he did not receive an objection from appellee's attorney within seven days. The appellee's attorney received the transmittal letter and the precedent and, on the seventh day, she telephoned the judge and voiced her objection to the precedent. However, the order was entered on November 29, 1995.

On December 8, the appellee filed a "Motion for Relief from Decree/and Amendment of Judgment of Paternity" pursuant to Ark. R. Civ. P. 52 and Ark. R. Civ. P. 60(b), but the court took no action on appellee's motion until it entered an order on January 30, 1996, which granted a hearing on February 5. A hearing was conducted on February 5, and the judge made oral findings on the record that the November 29, 1995, order should be amended to reduce the child-support arrearage from $6,000 to $635. Counsel for appellee was instructed to prepare the precedent, but no order was entered until July 16, 1996.

---

[1] The testimony from this hearing was not included in the record. The appellee filed a motion to supplement the record with a transcript of the May 19, 1995, hearing, but this court denied the motion.

[2] By that time the child had already reached majority, so no current support was set.

Appellant appeals from the July 16, 1996, order, arguing that under Ark. R. App. P.—Civ. 4(c), the December 8, 1995, motion was "deemed denied" when not acted upon by the trial court within thirty days, and that, thereafter, the order was final, and the trial court lacked jurisdiction to consider appellee's motion. The appellant also argues that the trial court lacked authority to modify its November 29, 1995, order under Ark. R. Civ. P. 60(b) after the lapse of ninety days. We agree with the appellant and reverse and remand.

■ Appellant argues on appeal that the court erred in granting appellee's motion for relief because the motion was deemed denied when the court failed to act on it within thirty days from the filing of the motion. Arkansas Rules of Appellate Procedure—Civil 4(a) provides that a notice of appeal shall be filed within thirty days from the entry of the judgment, decree, or order appealed from. Sections (b) and (c) of the rule state:

> (b)  Time for Notice of Appeal Extended by Timely Motion. Upon timely filing in the trial court of a motion for judgment notwithstanding the verdict under Rule 50(b), of a motion to amend the court's findings of fact or to make additional findings under Rule 52(b), or of a motion for a new trial under Rule 59(b), the time for filing of notice of appeal shall be extended as provided in this rule.
> (c)  Disposition of Posttrial Motion. If a timely motion listed in section (b) of this rule is filed in the trial court by any party, the time for appeal for all parties shall run from the entry of the order granting or denying a new trial or granting or denying any other such motion. Provided, that if the trial court neither grants nor denies the motion within thirty (30) days of its filing, the motion will be deemed denied as of the 30th day.

This rule has been strictly construed. *Slaton v. Slaton*, 330 Ark. 287, 956 S.W.2d 150 (1997); *Arkansas State Highway Comm'n v. Ayres*, 311 Ark. 212, 842 S.W.2d 853 (1992); *Wal-Mart Stores, Inc. v. Isely*, 308 Ark. 342, 823 S.W.2d 902 (1992).

■ In the case at bar, the appellee timely filed his motion requesting relief from the paternity judgment on December 8, 1995, but the court took no action on appellee's motion until January 30, 1996, when an order was entered setting the motion

for hearing on February 5. Although the hearing on appellee's motion was conducted on February 5, this was too late because appellee's motion was already "deemed denied" by virtue of the court's failure to act on it within thirty days, and the court had already lost jurisdiction. *Slaton v. Slaton, supra; Arkansas State Highway Comm'n v. Ayres, supra; Wal-Mart Stores, Inc. v. Isely, supra.*

The case at bar is similar to *Slaton v. Slaton, supra.* In *Slaton,* the parties were divorced on September 26, 1991, and Jeffery Slaton was awarded custody of their children. Several hours after the decree was entered Teresa Slaton filed a motion for reconsideration. On September 30, 1991, the trial court entered an order stating that the decree should be stayed and held in abeyance, and it scheduled a hearing for October 8, 1991. However, the hearing was not held until February 24, 1992. When the hearing was held, the court granted the motion for reconsideration. On March 5, 1992, the court entered an order modifying the original order. Over the next three years, the parties filed several motions dealing with child custody, support, and visitation. However, on December 26, 1995, Jeffery Slaton filed a motion contending that the March 5 order was void. On appeal, the supreme court agreed.

First, the supreme court held that even though a chancery court has continuing jurisdiction, in order to modify child-support awards, the chancery court must find that the moving party has demonstrated a change in circumstances that would require modification. 330 Ark. at 292, 956 S.W.2d at 153.

Second, the court held that Teresa Slaton's motion for reconsideration was deemed denied after thirty days; therefore, the court did not have jurisdiction to modify the order. *Id.* at 294-95, 956 S.W.2d at 154. As in *Slaton,* in the case at bar, the court did not act upon the appellee's motion for relief until more than thirty days after it was filed. Therefore, it was deemed denied, and the court did not have jurisdiction to modify the original order.

■ Finally, in *Slaton,* the court held that Ark. R. Civ. P. 60 dictates that the trial court loses jurisdiction to modify or set aside an order ninety days after it is entered. *Id.* at 295, 956 S.W.2d at 154. In the case at bar, the court lost jurisdiction to

correct its original order of November 29, 1995, on February 27, 1996, ninety days after it was entered. Therefore, the July 16, 1996, order was void.

The appellee seeks to uphold the trial court's action amending its November 29, 1995, order by arguing that the appellant's attorney committed fraud. He refers us to Ark. R. Civ. P. 60(c)(4) that provides that a trial court may set aside a judgment even after the lapse of ninety days "[f]or fraud practiced by the successful party in obtaining the judgment." Appellee points to the conduct of appellant's attorney in preparing the precedent containing findings not made by the court and mailing it to the judge along with a letter requesting that the judge sign the order if no objection is received from appellee's attorney within seven days. In support of his position he cites *Davis v. Davis*, 291 Ark. 473, 725 S.W.2d 845 (1987), in which the supreme court affirmed a trial court's determination that an attorney had acted fraudulently in procuring a judgment when he prepared and mailed to the judge a precedent that contained an award of damages almost twice the amount actually awarded by the judge in a letter opinion. He sent the precedent to the judge along with a letter explaining his reasons for changing the amount of the damages award, but failed to send a copy of the letter to opposing counsel. The judge "routinely" signed the precedent and returned it to the attorney who prepared it.

The case at bar is clearly distinguishable from *Davis*. Here, appellant's attorney sent a copy of the precedent and transmittal letter to both the judge and appellee's attorney. By requesting that the judge sign the precedent only if he did not receive an objection by opposing counsel within seven days, the judge was alerted to the fact that there might be an objection from appellee's counsel as to the form or content of the judgment. We do not interpret this action as an effort by appellent's attorney to deceive either the judge or appellee's attorney. In fact, we know that appellee's attorney received the precedent and letter because she contacted the judge and voiced her objection to the precedent, but the judge signed it anyway. We do not consider the conduct of appellant's attorney in this case to be in any way similar to the

conduct of the attorney in *Davis* and certainly not fraudulent within the meaning of Rule 60(c)(4).

■ In addition to *Davis v. Davis, supra,* the dissenting opinion also refers to *First Nat'l Bank v. Higginbotham Funeral Serv., Inc.,* 36 Ark. App. 65, 818 S.W.2d 583 (1991), in stating that the facts of the case at bar are suggestive of fraud on the part of appellant's attorney in procuring the November 29, 1995, judgment. We believe that *Higginbotham* is also clearly distinguishable from this case. In *Higginbotham,* an attorney succeeded in getting the trial judge to sign a consent judgment by telling the judge that he was the attorney for a party to the litigation under circumstances in which the attorney knew or should have known that his status as the attorney for that party was in doubt. After the lapse of more than ninety days, the trial court set the consent judgment aside, finding that the attorney's action constituted fraud within the meaning of Ark R. Civ. P. 60(c)(4). We do not find the conduct of appellant's attorney in the case at bar to be in any way similar to the conduct of the attorney in *Higginbotham.*

■ *Davis, supra,* and *Higginbotham, supra,* are also distinguishable from this case because in *Davis* and *Higginbotham,* the trial courts found that there was fraud in the procurement of the judgments. In the present case, appellee never argued in the trial court that the November 29, 1995, order should be set aside for fraud in its procurement under Rule 60(c)(4). Appellee relied solely on Ark. R. Civ. P. 60(b) and 52(b) in support of his motion in the trial court. The party seeking to set aside the judgment has the burden of showing that the judgment was obtained by fraud. *Karam v. Halk,* 260 Ark. 36, 537 S.W. 2d 797 (1976).

■ Therefore, we reverse and remand this case to the trial court with instructions to reinstate the November 29, 1995, order.

Reversed and remanded.

ROBBINS, C.J., ROGERS AND MEADS, JJ., agree.

ROAF AND CRABTREE, JJ., dissent.

ANDREE LAYTON ROAF, Judge, dissenting. I would affirm the chancellor because I believe the facts of this case are suggestive

of constructive fraud as defined by this court in *First Nat'l Bank v. Higginbotham*, 36 Ark. App. 65, 818 S.W.2d 583 (1991), and our supreme court in *Davis v. Davis*, 291 Ark. 473, 725 S.W.2d 845 (1987). In this case, it is undisputed that the trial court took the matter of the arrearage award under advisement after a hearing and did not issue a ruling. After several months had passed, the attorney for OCSE prepared a precedent that awarded OCSE $100 per month for five years and sent it to the judge and to Offutt's attorney with a pro forma cover letter advising the attorney to notify the judge if she had any objections. The order was signed by the judge about three weeks later, after Offutt's attorney had objected to the order by telephone, but failed to promptly file a motion to set aside the order.

Although Offutt's motion relied solely upon Ark. R. Civ. P. 60(b) and 52(b), the hearing on the motion was held within 90 days of the entry of the original judgment. Unfortunately, the amended judgment was entered after the ninety days had elapsed. However, I believe we can affirm because of the allegations of deceptive conduct set forth in Offutt's motion and because of OCSE's response, acknowledging that it, and not the court, determined the amount of the arrearage awarded in the initial judgment. Even though Offutt could have been more diligent in insuring that the modified judgment was entered within 90 days, the trial court is not precluded from modifying the award pursuant to Ark. R. Civ. P. 60(c)(4) if OCSE employed fraud in procuring the original judgment. Submitting a precedent for a money judgment never ordered by the trial court, in my opinion, constitutes constructive fraud under the holdings of *Higginbotham*, *supra* and *Davis*, *supra*. In addition, the form cover letter failed to advise the trial court of the true origin of the order submitted, but rather put the burden upon Offutt's attorney to "object." As this court stated in *Higginbotham*:

> Constructive fraud is defined as the breach of a legal or equitable duty which, irrespective of the moral guilt of the fraud feasor, the law declares fraudulent because of *its tendency to deceive others*. Neither actual dishonesty nor intent to deceive is an essential element.
>
> (Citations omitted.)

The judgment and the form cover letter submitted to the trial court in a case heard over six months earlier undoubtedly had the "tendency to deceive." And, OCSE had a number of less deceptive alternatives that it, as the moving party, could have taken to prompt the trial court into taking action, including mandamus. OCSE could also have submitted a precedent with blanks to be filled in by the trial court for the amount and duration of the arrears to be awarded. It could have submitted a cover letter that more accurately advised the trial court of the status of the case, and that it had taken the liberty of calculating what it deemed to be an appropriate arrearage award, subject to the trial court's approval. However, the course of action it undertook was, either by design or by *lack of candor*, likely to mislead the trial court. Notwithstanding its attempt to shift the onus of correcting any misunderstanding onto the nonmoving party, it is the conduct of OCSE, not Offutt, which mandates affirmance of this case.

Finally, we conduct a *de novo* review of appeals from chancery court, and it is well settled that we will affirm a chancellor's decision if it is correct for any reason. *Roberts v. Feltman*, 55 Ark. App. 142, 932 S.W.2d 781 (1996); *Pryor v. Raper*, 46 Ark. App. 150, 877 S.W.2d 952 (1994). Here, there is ample evidence in the record to support a finding of constructive fraud, and I cannot say that the trial court was clearly erroneous in setting aside the judgment under these circumstances.

CRABTREE, J., joins.