375 Ark. 491

CITY OF LITTLE ROCK, Appellant,

v.

Jung Yul RHEE, Ashia Teriyaki, Fleish-auer Family LLC, Kim C. Young, Sir-rah, Inc., Jackson Hewitt, Charlie Bond, 12th Street Upholstery & Furni-ture, Mary Rollins, Mary's Magic Curl Beauty Salon, Pic Pac Store, Inc., Suk Chang, E–Z Food Mart, Thuan Ngu-yen, Beauty Nails, Ru Jae, J's Grill, Mae Ok Yi, Appellees.

No. 08–606.

Supreme Court of Arkansas.

Feb. 5, 2009.

Thomas M. Carpenter, City Att'y, by Julia Hudson, Ass't City Att'y, for appellant.

John R. Myers, Little Rock, for appellee Jung Yul Rhee.

ROBERT L. BROWN, Justice.

Appellant, the City of Little Rock ("the City"), appeals from the circuit judge's order, dismissing the City's motion for injunctive relief against appellee Pic Package Store, Inc. ("Pic Pac"). The City asserts three points on appeal. We affirm the circuit judge's order.

On January 18, 2007, in response to numerous criminal violations that had occurred at or near a strip mall ("the mall property") located at 4401 West 12th Street in Little Rock, the City filed a complaint for an injunction and order of abatement against the owner, mortgagee, and tenants of the mall property pursuant to Arkansas Code Annotated sections 14–54–1503(a), 16–105–401, and 5–74–109. Pic Pac is one of the tenants of the mall property. The City's complaint alleged that approximately thirty-four criminal violations had occurred in connection with the mall property between August 30, 2005, and November 21, 2006, including multiple instances of loitering, public intoxication, possession of a weapon, and possession of a controlled substance. The City's complaint prayed that the circuit judge declare the mall property a common nuisance, enjoin the defendants from occupying the property, evict all tenants and residents from the property, and order that the property be closed. The defendants filed separate answers to the City's complaint.

On March 1, 2007, the parties appeared before the circuit judge for a hearing on the City's complaint. At the hearing, the parties reached a temporary agreement, whereby the defendants stipulated that at least three criminal acts had occurred at the mall property in violation of Arkansas Code Annotated section 5–74–109, and at least one of the criminal acts had involved a controlled substance in violation of Arkansas Code Annotated section 16–105–402. In exchange, the City agreed to meet with the defendants within ten days of the hearing to discuss the current status of the mall property, the current security measures taken at the property, and the City's requested relief. The agreement further provided that if the parties were unable to resolve the dispute by agreement, then the City would seek further relief through the circuit court. The circuit judge incorporated the parties' agreement into a written order that was entered on June 1, 2007.

On September 12, 2007, the City moved

for injunctive relief.[1] The City asked the circuit judge to declare Pic Pac a common nuisance under Arkansas Code Annotated section 5–74–109(b) and abate the nuisance by ordering that Pic Pac be closed. The City's motion referred to the parties' stipulation in the June 1, 2007 order that at least three criminal acts had occurred at the mall property in violation of Arkansas Code Annotated section 5–74–109. The City also alleged that three additional violent crimes had occurred at the mall property since the parties' June 1, 2007 agreement. These crimes included a murder and two batteries by gunshot.

On December 20, 2007, the circuit judge held a hearing on the City's motion for injunctive relief. In an order dated February 4, 2008, the circuit judge dismissed the City's motion with prejudice and found that:

1. The City of Little Rock failed to establish a link of any kind between the crimes set out in paragraphs 3 and 4 of the Motion for Prohibitive Injunction and an owner, agent or employee of any of the defendant entities or individuals.

2. The City of Little Rock failed to establish that Pic Package Store, Inc. is a common nuisance pursuant to Ark. Code Ann. § 5–74–109.

The City now appeals.

■ For its first point on appeal, the City urges this court to declare that Arkansas Code Annotated section 5–74–109 applies to commercial property and not simply to drug houses. Section 5–74–109 provides, in pertinent part:

(a) Intent. The intent of the General Assembly in this section is to enact civil remedies that eliminate the availability of any premises for use in the commission of a continuing series of criminal offenses.

(b) Common nuisance declared. Any premises, building, or place used to facilitate the commission of a continuing series of three (3) or more criminal violations of Arkansas law is declared to be detrimental to the law-abiding citizens of the state and may be subject to an injunction, a court-ordered eviction, or a cause of action for damages as provided for in this subchapter.

Ark.Code Ann. § 5–74–109(a)–(b) (Repl. 2005).

■ This court reviews issues of statutory interpretation de novo, because it is for this court to determine the meaning of a statute. *McMickle v. Griffin*, 369 Ark. 318, 254 S.W.3d 729 (2007). Our standard of review for issues of statutory construction is well settled:

The basic rule of statutory construction is to give effect to the intent of the legislature. Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. We construe the statute so that no word is left void, superfluous or insignificant, and we give meaning and effect to every word in the statute, if possible.

*Great Lakes Chem. Corp. v. Bruner*, 368 Ark. 74, 82, 243 S.W.3d 285, 291 (2006) (internal citations omitted).

At the hearing before the circuit court, the parties argued over whether section 5–74–109 with its reference to "premises" applied to all commercial property. The City contends that the word "premises" includes commercial buildings, when given its ordinary and usually accepted meaning.

---

1. The City's motion for injunctive relief was styled "Motion for Prohibitive Injunction."

The circuit judge, however, did not address this issue, or rule on it, and the City admits as much in its brief when it said: "The trial court in denying the [City's] motion did not address the issue that the intent of the General Assembly was to include any premise—commercial or residential." This court has repeatedly held that a party's failure to obtain a ruling is a procedural bar to the court's consideration of the issue on appeal. *See, e.g., Johnson v. Cincinnati Ins. Co.*, 375 Ark. 164, 289 S.W.3d 407 (2008); *Cox v. Miller*, 363 Ark. 54, 210 S.W.3d 842 (2005). It was the City's burden to raise this issue and obtain a specific ruling on it. The failure to do so now precludes this court from considering the merits of the City's arguments on this point.

■ For its second point, the City asserts that the circuit judge erred by finding that Pic Pac was not a common nuisance under Arkansas Code Annotated section 5–74–109(b). As already noted, the circuit judge found in his February 4, 2008 order that the City "had failed to establish a link" between the alleged crimes and the defendants. This was error, according to the City, because section 5–74–109(b) requires no more proof than a continuing series of three criminal offenses on the property in question. In addition, the City claims that section 5–74–109(b) does not address the actions of people, but rather what occurs on premises and places, and the fact that Pic Pac had taken measures to reduce crime is irrelevant because section 5–74–109(b) does not except property owners who take remedial measures.

To repeat in part, this court reviews issues of statutory interpretation de novo, because it is for this court to determine the meaning of a statute under the canons of construction previously set forth in this opinion. *See McMickle v. Griffin*, 369 Ark. 318, 254 S.W.3d 729 (2007).

We quote again our statutory law, which defines what constitutes a common nuisance and the remedies available to halt it:

(b) Common nuisance declared. Any premises, building, or place used to facilitate the commission of a continuing series of three (3) or more criminal violations of Arkansas law is declared to be detrimental to the law-abiding citizens of the state and may be subject to an injunction, a court-ordered eviction, or a cause of action for damages as provided for in this subchapter.

Ark.Code Ann. § 5–74–109(b) (Repl.2005).

The language of section 5–74–109(b) is plain and unambiguous, which means the legislative intent can be determined from the ordinary meaning of the language used. Section 5–74–109(b) defines a common nuisance as "any premises, building, or place *used to facilitate* the commission of a continuing series of three (3) or more crimes." Ark.Code Ann. § 5–74–109(b) (emphasis added). When section 5–74–109(b) is construed just as it reads, giving the words their ordinary and usually accepted meaning in common language, it is clear the City was required to prove that the Pic Pac premises had been used *to facilitate* the commission of the alleged crimes.

The City's interpretation of this language, however, makes the word "facilitate" superfluous and insignificant, which contradicts our case law. *See Bruner*, 368 Ark. at 82, 243 S.W.3d at 291 ("This court construes the statute so that no word is left void, superfluous or insignificant, and this court will give meaning and effect to every word in the statute, if possible."). Hence, the City's interpretation of section 5–74–109(b), which eliminated the phrase "used to facilitate," does not pass muster.

■ Giving every word in section 5–74–109(b) its ordinary meaning, we turn next

to the issue of whether the circuit judge erred in finding that Pic Pac was not a common nuisance under section 5-74-109(b). Our standard of review for an appeal from a bench trial is not whether there was substantial evidence to support the findings of the circuit judge, but whether the circuit judge's findings were clearly erroneous or clearly against the preponderance of the evidence. *Duke v. Shinpaugh,* 375 Ark. 358, 290 S.W.3d 591 (2009). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that an error has been committed. *Id.*

The circuit judge orally declared from the bench that the City failed to prove that the Pic Pac premises were used to facilitate the alleged crimes.[2] In his later order, the judge said that the evidence presented at the hearing showed no "link of any kind" between the defendants and the criminal acts occurring on their property. We affirm the finding of the circuit judge, as we conclude that the absence of any link supports the lack of facilitation by Pic Pac. In fact, we conclude that the evidence showed just the opposite because the defendants, including Pic Pac, had taken extensive measures to curb the criminal activity at or near the mall property, including hiring security guards, installing flood lights and surveillance cameras, and building a fence to keep loiterers from going behind the building.

The circuit judge also heard the testimony of Stuart Sullivan, a homicide detective who had investigated the shootings that had occurred at the mall property. He testified that Pic Pac had not been involved either *directly or indirectly* with any of the shootings, which is the standard under Arkansas Code Annotated section 5-74-109(c).[3] Bob Dailey, the owner of Pic Pac, testified that the crimes in the parking lot were detrimental to his business and that he was continually working with Mr. Rhee, the owner of the strip mall, to improve the security of the property. Dailey added that neither he nor any of his employees had been involved in any of the criminal activity. We hold that the circuit judge's finding of no facilitation or linkage was not clearly against the preponderance of the evidence.

■ The City further maintains that it was entitled to a finding that Pic Pac was a common nuisance based on the circuit judge's June 1, 2007 order, in which he said: "The defendants do not dispute that at least three criminal acts occurred on the real property as described in the [City's complaint] in violation of Ark.Code Ann. § 5-74-109, and at least one of those criminal acts involved a controlled substance in violation of Ark.Code Ann. § 16-105-402."[4] However, as the City correctly observes in its brief: "[t]he trial court failed to address this issue." Again, a party's failure to obtain a ruling is a procedural bar to the court's consideration of the issue on appeal. *See, e.g., Johnson v.*

---

2. Although the circuit judge's order discusses the City's failure of proof in terms of establishing a link between the crimes and the defendants, the circuit judge ruled from the bench and said, "[i]t hasn't been presented so far that Pic Pac in any way facilitated that murder ... it certainly doesn't suggest from what I read as the legislative ... intent that Pic Pac is facilitating particular conduct."

3. Arkansas Code Annotated section 5-74-109(c) provides that an injunction may issue to enjoin a person from directly or indirectly permitting or maintaining a public nuisance. The circuit judge, as already referenced, decided this case under section 5-74-109(b).

4. Dailey testified at the hearing that the agreement was merely that three crimes had occurred, not that the strip mall was a common nuisance.

*Cincinnati Ins. Co.*, 375 Ark. 164, 289 S.W.3d 407 (2008); *Cox v. Miller*, 363 Ark. 54, 210 S.W.3d 842 (2005). It was the City's burden to raise this issue and obtain a specific ruling on it. The failure to do so now precludes this court from considering the merits of the City's arguments on this point.

For its final point, the City urges this court to declare that Arkansas Code Annotated section 5–74–109(j) requires the circuit judge to grant the City equitable relief upon finding that a premises is a common nuisance under section 5–74–109(b). Because we hold that the circuit judge correctly found that there was no common nuisance, it is not necessary to consider this point.

Affirmed.